| | |
|---|---|
| District Court, Arapahoe County, State of Colorado<br>7325 S. Potomac Street<br>Centennial, Colorado 80112<br>Telephone: (303) 645-6600 | DATE FILED: June 5, 2024 8:52 PM<br>FILING ID: 312CD96E73CAF<br>CASE NUMBER: 2024CV31218 |
| Plaintiff: **RANDY GREGORY**<br><br>v.<br><br>Defendants: **NATIONAL FOOTBALL LEAGUE;**<br>**DENVER BRONCOS TEAM, LLC.** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Spencer J. Kontnik, #47447<br>Austin M. Cohen, #46537<br>Matthew L. Fenicle, #57055<br>KONTNIK \| COHEN, LLC<br>201 Steele Street, Suite 210<br>Denver, CO 80206<br>Phone: (720) 449-8448<br>Fax: (720) 223-7273<br>Email: skontnik@kontnikcohen.com<br>E-Mail: acohen@kontnikcohen.com<br>Email: mfenicle@kontnikcohen.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Randy Gregory, by and through his attorneys, Spencer J. Kontnik, Austin M. Cohen, and Matthew L. Fenicle of KONTNIK \| COHEN, LLC, hereby files this *Complaint and Jury Demand* against Defendants, National Football League ("NFL") and Denver Broncos Team, LLC ("Broncos"), under the Colorado Anti-Discrimination Act ("CADA"), and states as follows:

## I.     INTRODUCTION

1.     This is a disability, employment discrimination lawsuit. Randy Gregory is a husband and father. His job is playing linebacker in the NFL. He is also an individual living with multiple diagnosed disabilities which require ongoing, monitored treatment. Mr. Gregory's treating physician prescribed Dronabinol, which is an FDA-approved THC (synthetic cannabis) to treat his disabilities. Dronabinol was an alternative to opioids and benzodiazepines, which are

1

**EXHIBIT 1**

fraught with significant side effects and addiction issues. However, THC is a banned substance in the NFL and testing positive equates to escalating monetary penalties: the first positive test is a penalty of half (1/2) of a week's salary and the fourth positive test, and each positive test thereafter is a penalty of three (3) weeks salary. Thus, if Mr. Gregory takes his medication as prescribed, he is fined seventy-five percent (75%) of his salary and earns twenty-five percent (25%).

2.      Mr. Gregory requested an accommodation from the NFL and Broncos to consume Dronabinol to treat his disabilities. Specifically, Mr. Gregory sought to consume Dronabinol, which is synthetic cannabis, at the direction of his treating physician during non-work hours. The NFL and the Broncos denied his request noting that THC is a federally controlled substance. Since requesting an accommodation, Mr. Gregory has paid $532,500 in penalties to the NFL for consuming THC to treat his disabilities. Regardless of a positive test, Mr. Gregory is expected to play in every game, attend practice, attend media sessions, and fulfil his job responsibilities. In other words, he cannot be suspended for a positive test alone. Significantly, the NFL and the Broncos profited from Mr. Gregory's continued employment.

3.      Mr. Gregory has been diagnosed with Social Anxiety Disorder and Post-Traumatic Stress Disorder ("PTSD"), which are DSM-5 codes F40.10 and F32.10. He further experiences ongoing physical pain due to many injuries that he sustained during his life-long commitment to becoming a professional football player. Mr. Gregory's disabilities have historically had a negative impact on his life.

4.      Mr. Gregory's job exacerbates the symptoms of his disabilities, and in turn, his disabilities negatively impact his ability to perform his responsibilities as a professional football player, both on and off the field. Specifically, Mr. Gregory's disabilities directly affect his ability

to focus and perform in stressful and high-pressure situations, study the playbook and film, interact with coaches and teammates, and engage with the media. The medication Dronabinol prescribed by his physician is the best treatment option for Mr. Gregory.

5. Mr. Gregory is entitled to the full protection of Colorado anti-discrimination laws. The NFL and Broncos ignored Colorado State law and have refused to engage, in good faith, in the interactive process with Mr. Gregory. It is a violation of CADA for the NFL and the Broncos to financially penalize Mr. Gregory for consuming prescribed Dronabinol to treat his disabilities, while simultaneously benefiting from his continued employment. The NFL and the Broncos are not above the law.

## II. PARTIES

6. Mr. Gregory was at all times relevant to this complaint a resident of the State of Colorado.

7. Mr. Gregory was at all times relevant to this complaint employed by Defendant, Denver Broncos Team, LLC.

8. Mr. Gregory was at all times relevant to this complaint employed by Defendant, National Football League.

9. Mr. Gregory is a qualified individual with a disability, within the meaning of CADA, because he is substantially limited in major life activities, including sleeping, working, thinking, learning, concentrating, and adjusting to change.

10. Denver Broncos Team, LLC is registered in Colorado as a Foreign Limited Liability Company with its principal office at 13655 Broncos Pkwy, Englewood, CO 80112.

11. Denver Broncos Team, LLC has continuously been an employer within the meaning of CADA at all times relevant to this Complaint.

12. National Football League is registered in Colorado as a Foreign Corporation with its principal office at 7700 E. Arapahoe Rd, Centennial, CO 80112.

13. National Football League has continuously been an employer within the meaning of CADA at all times relevant to this Complaint.

### III.   JURISDICTON AND VENUE

14. This action is brought under CADA, C.R.S. § 24-34-402 *et seq.*

15. Subject matter jurisdiction is proper for this civil action for damages and/or equitable relief pursuant to Article VI, § 9 of the Constitution for the state of Colorado.

16. Personal jurisdiction is proper because the acts or omissions that are material to Plaintiff's claims arose and occurred in the state of Colorado.

17. Venue is proper in this Court under Rule 99(c)(1) of the Colorado Rules of Civil Procedure because both Defendants reside in the County of Arapahoe.

### IV.   PROCEDURAL REQUIREMENTS

18. On July 18, 2023, Mr. Gregory filed a charge of discrimination against the Broncos with the Colorado Civil Rights Division ("CCRD") (CCRD Charge No. E2400020880).

19. On July 18, 2023, Mr. Gregory filed a charge of discrimination against the NFL with the CCRD (CCRD Charge No. E2400020879).

20. Mr. Gregory was issued a Notice of Right to Sue in the above captioned matters from the CCRD on March 7, 2024.

21. This action is being commenced within ninety (90) days of receiving the Notice of Right to Sue in accordance with C.R.S. § 24-34-306(2)(b)(I)(B).

22. Mr. Gregory satisfied all procedural prerequisites prior to initiating this action.

4

## V.     FACTUAL ALLEGATIONS

### MR. GREGORY LIVES WITH DISABILITIES

23.     In 2021, licensed psychologist, Dina Hijazi, PhD, diagnosed Mr. Gregory with Social Anxiety Disorder.

24.     Social Anxiety Disorder is code F40.10 under the Diagnostic and Statistical Manual of Mental Disorders ("DSM").

25.     According to the DSM-5, Social Anxiety Disorder is characterized by an intense and irrational fear and apprehension of social and performance situations and interactions in which the individual believes they will be scrutinized by others.

26.     Mr. Gregory's Social Anxiety Disorder causes him to experience fear of social events or events with large amounts of people, discussions with the media, being judged negatively, embarrassing himself in public, and meeting or talking with unfamiliar people.

27.     Mr. Gregory's Social Anxiety Disorder negatively impacts his ability to perform his job.

28.     Mr. Gregory's Social Anxiety Disorder negatively impacts his ability to focus while performing the duties of his job.

29.     Due to his Social Anxiety Disorder, Mr. Gregory has experienced significant social isolation, low self-esteem, and a heightened sense of self-criticism.

30.     Mr. Gregory also underwent extensive psychotherapy for his Social Anxiety Disorder with Dr. Hijazi.

31.     Excluding Dronabinol, the prior medications that were prescribed to Mr. Gregory were ineffective to treat his disabilities.

32. In addition to experiencing social anxiety, Mr. Gregory also experiences chronic pain stemming from bilateral knee and shoulder injuries and surgical treatment for the same.

33. On or about February 18, 2023, Alan Shackelford, M.D. diagnosed Mr. Gregory with PTSD, and prescribed Dronabinol to Mr. Gregory to treat his disabilities.

34. Dronabinol is synthetic THC.

35. Dronabinol is approved by the Food and Drug Administration for doctors to prescribe to patients.

36. PTSD causes Mr. Gregory to feel tense, anxious, depressed, and negatively impacts his ability to focus and perform in high-pressure situations that flow from his job.

37. PTSD significantly impacts Mr. Gregory's ability to perform the responsibilities and duties of his job.

38. Mr. Gregory's disabilities directly affect his ability to focus and perform in stressful and high-pressure situations, study the playbook and film, interact with coaches and teammates, and engage with the media.

39. Excluding Dronabinol, the prior medications that were prescribed to Mr. Gregory were ineffective to treat his PTSD.

40. Excluding Dronabinol, the prior medications that were prescribed to Mr. Gregory were ineffective to treat his PTSD.

41. Excluding Dronabinol, the prior medications that were prescribed to Mr. Gregory were ineffective in treating his physical pain.

## MR. GREGORY'S EMPLOYMENT HISTORY

42. Mr. Gregory was selected sixtieth (60th) in the 2015 NFL Draft by the Dallas Cowboys.

43. From approximately March 18, 2022, to approximately October 6, 2023, Mr. Gregory was employed with the Broncos.

44. From approximately October 6, 2023, to April 3, 2024, Mr. Gregory was employed by the San Francisco 49ers.

45. Around April 3, 2024, became employed by the Tampa Bay Buccaneers.

46. From May 2015 to the present, Mr. Gregory has been an employee of Defendant NFL.

## THE NFL AND BRONCOS REFUSE TO FOLLOW CADA

47. Lawrence S. Brown, Jr., M.D. ("Dr. Brown"), is a Medical Advisor for the NFL Policy and Program on Substances of Abuse.

48. Around March 6, 2023, Mr. Gregory sent correspondence ("March 6th Correspondence") to Dr. Brown providing information about his Social Anxiety Disorder, PTSD, and chronic pain in both his knees and shoulders.

49. In the March 6th correspondence, Mr. Gregory informed Dr. Brown that he had been evaluated by Alan Shackelford, M.D.

50. The March 6thcorrespondence indicated that Mr. Gregory had been diagnosed with Social Anxiety Disorder, PTSD, and chronic pain.

51. In the March 6th correspondence, Mr. Gregory informed Dr. Brown that Dr. Shackelford had prescribed him an FDA-approved Dronabinol.

52. In the March 6th correspondence, Mr. Gregory stated the following to Dr. Brown:

> Dr. Shackelford believes that this treatment protocol which includes the medicine dronabinol is the most appropriate treatment for the medical conditions with which Mr. Gregory has been diagnosed. Dr. Shackelford believes that the medications usually prescribed to treat those conditions such as the opioids and benzodiazepines

7

are fraught with significant side effects, including addiction, overdose and dangerous drug-drug interactions and that dronabinol therapy is orders of magnitude safer than opioids and other prescription drugs commonly prescribed for those conditions, dosing is significantly easier to modulate, and it is likely to be more effective.

53. On or about March 20, 2023, after the NFL and Broncos requested additional information from Mr. Gregory, Dr. Shackelford provided a letter to Dr. Brown explaining why the Dronabinol had been effective for Mr. Gregory for treatment of his pain, Social Anxiety Disorder, and PTSD, and was a proper medical justification for Mr. Gregory's positive THC specimen in drug test results.

54. The NFL and Broncos denied Mr. Gregory's request indicating that off-label use of Dronabinol is not an acceptable medical explanation for a positive THC test.

55. The NFL and Broncos were unwilling to consider reasonable modifications to their policies to accommodate Mr. Gregory under CADA.

### THERAPEUTIC USE EXEMPTION

56. On May 2, 2023, Mr. Gregory's agent, Peter Schaffer submitted a TUE application on behalf of Mr. Gregory via email to John Lombardo and Todd Flanagan.

57. John Lombardo, M.D., is the NFL Consultant for Anabolic Steroids and Other Performance-Enhancing Drugs.

58. Todd Flanagan is a lawyer for the NFL Players Association.

59. In the correspondence from Mr. Schaffer to John Lombardo and Todd Flanagan, dated May 2, 2023, Mr. Gregory applied for a TUE to use Dronabinol to treat Social Anxiety Disorder, PTSD, and chronic bilateral knee pain. In the correspondence, there was an explanation from Dr. Shackelford explaining the nature of Mr. Gregory's disability accommodation request.

8

60. On or about May 5, 2023, Defendants issued a final determination and denied Mr. Gregory's request for a TUE to use prescribed Dronabinol to treat his Social Anxiety Disorder, PTSD, and chronic physical pain.

61. From March 6, 2023, through the date of this Complaint, Mr. Gregory has been fined approximately $532,500.00 based on positive tests for THC.

62. From March 6, 2023, through the date of this Complaint, despite having positive THC tests, Mr. Gregory has not been suspended from any games.

63. From March 6, 2023, through the date of this Complaint, the NFL profited from Mr. Gregory's employment.

64. During the time that Mr. Gregory was employed by the Broncos, the Broncos profited from Mr. Gregory's employment.

65. Defendants' refusal to provide Mr. Gregory with reasonable accommodations by allowing Mr. Gregory to take prescribed medications for his disabilities is discriminatory under Colorado law.

66. Defendants' discrimination has caused and continues to cause Mr. Gregory damages in an amount to be proven at trial.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a))
*Against Defendant National Football League*

67. Mr. Gregory hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68. The NFL is an employer under C.R.S. § 24-34-401 or is otherwise subject to the requirement to provide accommodations to individuals with disabilities under C.R.S. § 24-34-402, which incorporates by reference C.R.S. § 24-34-301.

69. Alternatively, the NFL is a person under C.R.S. § 24-34-301(15)(a).

70. At all times relevant, Mr. Gregory was an employee of the NFL as defined under C.R.S. § 24-34-401, which incorporates by reference C.R.S. § 24-34-301.

71. Mr. Gregory is an individual with a disability within the meaning of CADA.

72. At all times relevant, Mr. Gregory performed the functions of his job completely and was qualified for his position.

73. Under C.R.S. § 24-34-402(1)(a), "[i]t is discriminatory or an unfair employment practice: [f]or an employer to… discriminate in matters of compensation, terms, conditions, or privileges of employment against any individual otherwise qualified because of disability…."

74. The NFL discriminated against Mr. Gregory in violation of C.R.S. § 24-34-402(1)(a) and its implementing regulations by engaging in discriminatory acts or practices including, but not limited to, the following:

   a. Failing to engage in the interactive process with respect to Mr. Gregory's request for an accommodation prior to submitting a TUE.

   b. Failing to engage in the interactive process with respect to Mr. Gregory's request for an accommodation after submitting a TUE.

   c. Failing to provide a reasonable accommodation to Mr. Gregory in the form of a TUE, despite the NFL's knowledge that Dronabinol was prescribed to treat Mr. Gregory's disabilities.

    d.  Failing to meaningfully and in good faith communicate with Mr. Gregory concerning his disability and his requested accommodation.

    e.  Denying Mr. Gregory a reasonable accommodation to use Dronabinol based on his disability.

    f.  Subjecting Mr. Gregory to unreasonable and continuous drug testing, discipline, and fines for his use of Dronabinol to treat his disabilities.

75. The requested accommodation could have been reasonably accomplished by the NFL.

76. Mr. Gregory has been injured and aggrieved by the NFL's discrimination.

77. Mr. Gregory is entitled to damages including, but not limited to, repayment of the monetary fines that Mr. Gregory was required to pay including interest to the fullest extent permitted by law in an amount to be determined at trial.

78. Mr. Gregory is entitled to damages and relief to the fullest extent permitted by law in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
(Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a))
*Against Defendant Denver Broncos Team, LLC*

79. Mr. Gregory hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

80. The Denver Broncos Team, LLC is an employer under C.R.S. § 24-34-401 or is otherwise subject to the requirement to provide accommodations to individuals with disabilities under C.R.S. § 24-34-402, which incorporates by reference C.R.S. § 24-34-301.

81. Alternatively, the Denver Broncos is a person under C.R.S. § 24-34-301(15)(a).

82. At all times relevant, Mr. Gregory was an employee of the Broncos, as defined under C.R.S. § 24-34-401, which incorporates by reference C.R.S. § 24-34-301.

83. Mr. Gregory is an individual with a disability within the meaning of CADA.

84. At all times relevant, Mr. Gregory performed the functions of his job completely and was qualified for his position.

85. Under C.R.S. § 24-34-402(1)(a), "[i]t is discriminatory or an unfair employment practice: [f]or an employer to… discriminate in matters of compensation, terms, conditions, or privileges of employment against any individual otherwise qualified because of disability…."

86. The Denver Broncos discriminated against Mr. Gregory in violation of C.R.S. § 24-34-402(1)(a) and its implementing regulations by engaging in discriminatory acts or practices including, but not limited to, the following:

   a. Failing to engage in the interactive process with respect to Mr. Gregory's request for an accommodation prior to submitting a TUE.

   b. Failing to engage in the interactive process with respect to Mr. Gregory's request for an accommodation after submitting a TUE.

   c. Failing to provide a reasonable accommodation to Mr. Gregory in the form of a TUE, despite the Denver Broncos' knowledge that Dronabinol was prescribed to treat Mr. Gregory's disabilities.

   d. Failing to meaningfully and in good faith communicate with Mr. Gregory concerning his disability and his requested accommodation.

   e. Denying Mr. Gregory a reasonable accommodation to use Dronabinol based on his disability.

    f. Subjecting Mr. Gregory to unreasonable and continuous drug testing, discipline, and fines for his use of Dronabinol to treat his disabilities.

  87. The requested accommodation could have been reasonably accomplished by the Denver Broncos.

  88. Mr. Gregory has been injured and aggrieved by the Denver Broncos' discrimination.

  89. Mr. Gregory is entitled to damages including, but not limited to, repayment of the monetary fines Mr. Gregory was required to pay, including interest to the fullest extent permitted by law in an amount to be determined at trial.

  90. Mr. Gregory is entitled to damages and relief to the fullest extent permitted by law in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Mr. Gregory respectfully requests a trial by jury on all issues so triable, and damages, as follows:

  91. The Court assume jurisdiction.

  92. The Court declare that the actions of the National Football League as described in this Complaint violate CADA.

  93. The Court declare that the actions of the Denver Broncos Team, LLC as described in this Complaint violate CADA.

  94. The Court award Mr. Gregory damages and relief to the maximum extent permitted by law including, but not limited to, the relief requested above.

  95. The Court award Mr. Gregory his reasonable attorney's fees and costs.

96. The Court award additional or alternative relief that may be just, proper, appropriate, and equitable under the circumstances.

Dated: June 5, 2024

Respectfully submitted,

<u>s/ Spencer J. Kontnik</u>
Spencer J. Kontnik, #47447
Austin M. Cohen, #46537
Matthew L. Fenicle, #57055
KONTNIK | COHEN, LLC
201 Steele Street, Suite 210
Denver, Colorado 80206
Telephone: (720) 449-8448
E-Mail: skontnik@kontnikcohen.com
E-Mail: acohen@kontnikcohen.com
E-Mail: mfenicle@kontnikcohen.com
*Attorneys for Plaintiff RANDY GREGORY*